IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Wayne Wheelock, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **1:13cv400 (TSE/JFA)** |
| | ) | |
| Eric Wilson, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

    Wayne Wheelock, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). Respondent has filed a motion for summary judgment, with a supporting memorandum and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply. Thereafter, respondent filed a reply memorandum of law.

    Because the facts and legal arguments are fully set forth in the existing pleading and record oral argument is not necessary. Accordingly, the matter is now ripe for disposition. For the reasons that follow, respondent's motion for summary judgment must be granted, and thus judgment will be entered in respondent's favor.

**I. Background**

    The following material facts are uncontroverted. Pet.'r's Reply 1 ("Petitioner, Wayne Wheelock, hereby adopts and accepts the respondents statement of the case as his own."). On October 2, 2009, petitioner was arrested by the U.S. Marshals Service ("USMS") for failing to register and update a registration as a sex offender. Resp. Mot. Summ. J. attach 1. On October 5, 2009, after petitioner's federal detention hearing was held, petitioner was turned over to tribal

custody to address outstanding tribal warrants. Id. attach 3. On October 7, 2009, a writ of habeas corpus ad prosequendum was issued to the Warden of the Menominee Tribal Jail, for petitioner's appearance at his federal preliminary hearing set for October 15, 2009. Id. at 3. The USMS picked petitioner up on October 15, 2009, transported him to federal court for his hearing, and returned him to the tribal jail that same day. Id. attach 5. On October 16, 2009, the Menominee Indian Tribal Court revoked petitioner's probation and ordered that his stayed sentence of 150 days would go into effect immediately, presumably for his failure to register as a sex offender. See id. attach. 6.

On October 27, 2009, petitioner was indicted on one count of sexual abuse of a minor and one count of failing to register and update registration in the United States District Court for the Eastern District of Wisconsin. Id. attachs. 7, 8. Pursuant to a writ of habeas corpus ad prosequendum issued October 28, 2009, petitioner appeared for his arraignment hearing on October 29, 2009 and was returned to the tribal jail that same day. Id. attach. 9. On October 30, 2009, petitioner escaped from the custody of tribal authorities. Id. at 4. He was apprehended the following day and returned to the Menominee Tribal Jail. Id.

On November 2, 2009, petitioner completed his 150 day sentence that was imposed when he violated his probation and continued to be held in the Menominee Tribal Jail on pending tribal charges of disorderly conduct, three counts of assault, battery, abduction, and a violation of the Sex Offender Registration and Notification Program. That same day, the USMS picked up petitioner, again pursuant to a writ of habeas corpus ad prosequendum, and kept him in temporary custody pending the outcome of his federal criminal case. On March 19, 2010, petitioner plead guilty to sexual abuse of a minor, failure to register as a sex offender, and conspiracy to assault a federal law enforcement officer and was sentenced to 96 months in prison. Id. attach. 15.

2

Petitioner was then returned to tribal authorities on March 25, 2010, and the federal judgment was lodged as a detainer. Id. attachs. 16, 17. On June 2, 2010, petitioner was sentenced to serve twenty days in jail for violating the Sex Offender Registration and Notification Program. Id. attach. 12. On June 30, 2010, petitioner plead guilty to two counts of assault and one count of battery. Id. attach. 13. He was sentenced to a 20-day term on one count of assault; a 30-day term on the other count of assault; and a 6-month term on the battery count, including three months stayed. Id. Petitioner received credit for time served on his tribal sentence. On July 2, 2010, petitioner completed service of his tribal sentences and was transferred to the primary custody of the USMS for service of his 96-month federal sentence. Id. at 5.

Petitioner received a prior custody credit of four days on his federal sentence, for the time he was held in primary federal custody from October 2-5, 2009, prior to his release to the custody of tribal authorities. Id. Petitioner was not granted prior custody credit for any of the time he spent in USMS custody pursuant to the writs of habeas corpus ad prosequendum, approximately four and a half months. Id. at 6. He was also not given prior custody credit for the time during which he escaped from tribal custody, from October 30 through October 31, 2009. Id. The Bureau of Prisons ("BOP") also considered and ultimately rejected petitioner's request for a nunc pro tunc designation of his tribal jail as his place of imprisonment for purposes of his federal sentence, "after considering all of the relevant factors under 18 U.S.C. § 3621(b)." Id. at 6-7.

Petitioner and respondent agree that petitioner exhausted his administrative remedies through BOP's Administrative Remedy Program.[1] Petitioner then turned to the federal forum and

---

1 In the context of federal habeas petitions challenging sentence computations, parole determinations, or good time credits calculations, courts have uniformly required petitioners first to exhaust their administrative remedies. See United States v. Wilson, 503 U.S. 329, 335-36 (1992) (holding that Congressional changes to 18 U.S.C. § 3568 did not

3

filed the instant petition for habeas corpus relief under § 2241, requesting that this Court enter an

Order directing BOP to grant him credit for time spent in "official detention from October 5, 2009

to January 4, 2011." Typed Pet. 1. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on

the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving

party bears the burden of persuasion on all relevant issues). To meet that burden, the moving

party must demonstrate that no genuine issues of material fact are present for resolution. Id. at

322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of

law, the burden then shifts to the non-moving party to point out the specific facts which create

disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita

Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion

for summary judgment, a district court should consider the evidence in the light most favorable

---

divest the Federal Bureau of Prisons ("BOP") of the authority to compute federal prisoners' sentences and noting that federal prisoners may seek judicial review of these computations after exhaustion of their administrative remedies); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991) (refusing to reach petitioner's challenge to computation of his sentence because petitioner had failed to exhaust his administrative remedies with BOP); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (holding that a dissatisfied prisoner may only avail himself of judicial review after an adverse administrative decision by BOP regarding his sentence calculation); United States v. Woods, 888 F.2d 653, 654 (10th Cir. 1989) (concluding that because BOP has the initial discretion to credit a prison term with time spent in custody before commencement of the sentence, a defendant must exhaust his administrative remedies before seeking judicial review). Although the Fourth Circuit has yet to provide binding authority addressing this issue, it has required exhaustion in several unpublished opinions: Crosson v. South Carolina, No. 93-6720, 1994 WL 12032, at *1 (4th Cir. Jan. 20, 1994) (holding that a petitioner "must exhaust administrative remedies before bringing a § 2241 action" challenging denial of parole); United States v. Bailey, No. 92-5592, 1991 WL 359485, at *1 (4th Cir. Sept. 16, 1993) (noting that the challenged sentence computation was properly under BOP's authority, and concluding that "[o]nly after prisoners have exhausted the administrative remedies available to them through the [BOP] can they seek judicial review").

4

to the non-moving party and draw all reasonable inferences from those facts in favor of that party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. <u>Matsushita</u>, 475 U.S. at 587.

### III. Analysis

"Challenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241." <u>U.S. v. Little</u>, 392 F.3d 671, 679 (4th Cir. 2004). As such, a "request for sentencing credit is properly brought under § 2241. <u>Id.</u>

Petitioner seeks to have the time he spent in detention from October 5, 2009 to January 4, 2011, credited toward his federal sentence. Typed Compl. 1. Additionally, he is challenging BOP's decision to deny his request for <u>nunc pro tunc</u> designation, arguing BOP abused its discretion because it misapplied factor one and failed to consider the fifth factor listed in 3621(b). Respondent is entitled to the summary judgment he seeks because, as other courts have held in considering similar facts, petitioner is entitled to no additional credit and BOP did not abuse its discretion. <u>See</u> <u>Alls v. Stansberry</u>, 2010 WL 723034 (E.D. Va. Mar. 1, 2010), <u>aff'd</u>, 396

Fed. App'x 932 (4th Cir. 2010); Nale v. Stansberry, 2009 WL 1321507 (E.D. Va. May 11, 2009).

A. Time Served Credit

The first question raised by this petition is whether BOP abused its discretion in deciding not to give petitioner credit on his federal sentence for the time he spent in tribal custody prior to the imposition of his federal sentence. It is well established that after a district court imposes a sentence, the Attorney General, through BOP, is responsible for administering the sentence. Wilson, 503 U.S. at 335. The authority to determine when a federal sentence commences is uniquely BOP's, subject to federal judicial review under a "deferential abuse-of-discretion standard." See United States v. Hayes, 535 F.3d 907, 909-10 (8th Cir. 2008), cert. denied, 129 S.Ct. 1983 (2009). In this case, BOP concluded that petitioner's federal sentence commenced on July 2, 2010, when petitioner was released from his tribal sentences and taken into the primary custody of the United States Marshals Service. This decision was fully consistent with federal law, which holds that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3583(a). As discussed below, BOP credited petitioner's sentence with all the time he was entitled to under § 3585(b). 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.").

In his reply brief, docket # 10, petitioner contends that the period from October 5, 2009 until January 4, 2011 should be credited against his current sentence because he was "in official

6

detention." Although petitioner concedes that during this time period he was serving a sentence imposed by the tribal court, he argues that federal authorities had "primary jurisdiction," and, as such, he is entitled to have the time he spent in tribal custody credited towards his federal sentence. In his assertion that federal authorities had primary jurisdiction, petitioner is simply mistaken.

A sovereign obtains primary jurisdiction over an individual by being the "first arresting sovereign and retain[ing] legal custody at all relevant times." See Trowell v. Beeler, 135 F. App'x 590, 594 n.2 (4th Cir. 2005); Rash v. Stansberry, No. 3:10CV836, 2011 WL 2982216 *4 (E.D. Va. Jul. 22, 2011). A sovereign is deemed to have relinquished primary jurisdiction through release on bail, dismissal of charges, parole, and expiration of a sentence. Papadapoulous v. Johns, No. 5:09–HC–2009–FL, 2011 WL 1104136, at *5 n. 4 (E.D.N.C. Mar. 22, 2011) (citing United States v. Cole, 416 F.3d 894, 896–97 (8th Cir.2005); McCollough v. O'Brien, No. 7:06–CV–712, 2007 WL 2029308, at *1 (W.D.Va. July 10, 2007)). Further, a sovereign may voluntarily relinquish primary jurisdiction and permit another sovereign to obtain primary jurisdiction. Hernandez v. U.S. Attorney General, 689 F.2d 915, 918 (10th Cir. 2002); United States v. Cole, 416 F.3d 894, 897 (8th Cir.2005); Parks v. Stansberry, No. 1:10cv1217, 2011 WL 3895298 (E.D. Va. Sept. 1, 2011).

Temporary release of an offender pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. See United States v. Evans, 159 F.3d 908, 912 (4th Cir.1998) (rejecting inmate's argument that a writ of habeas corpus ad prosequendum effectuates a change in custody whereby the sending jurisdiction loses . . . jurisdiction and the receiving jurisdiction gains it); see also U.S. v. Lemus-Rodriguez, 495 Fed.Appx. 723 *726 (7th Cir. 2012)

7

(holding the inmate was not entitled to credit for the forty-two months he spent in federal custody because he was in "the physical custody of federal authorities pursuant to the ad prosequendum writ."); U.S. v. Kelly, 661 F.3d 682, 686 (1st Cir. 2011) (recognizing that the sending jurisdiction retains full jurisdiction over the prisoner); Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980); Butler v. Warden, FCC Coleman-Medium, 451 Fed.Appx. 811, 812 (11th Cir. 2011).

"This rule derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities." Evans, 159 F.3d at 912 (citing Crawford v. Jackson, 589 F.2d 693, 695 (D.C.Cir.1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner.")).

Tribal authorities had primary custody of petitioner from October 5, 2009 until July 2, 2010,[2] because the federal court relinquished primary jurisdiction on October 5, 2009 when it ordered petitioner returned to tribal custody. Giddings Decl. Attach. 3 (summarizing petitioner's detention hearing where the Court ordered petitioner be returned to tribal custody and ordered a federal detainer be issued). He remained in tribal custody until July 2, 2010, the date on which his tribal sentence was fully served. Giddings Decl. Attach. 18. Federal authorities accepted primary custody of him that day. Id. That tribal authorities had primary custody is only bolstered by the fact that a federal detainer was issued on October 5, 2009, and that the petitioner was always taken into custody by the USMS via writs of habeas corpus ad prosequendum. See Evans, 159 F.3d at 912. Petitioner's being taken into federal custody pursuant to writs of habeas corpus

---

2 Excluding October 30, 2009, and October 31, 2009, the days petitioner escaped from tribal authorities.

ad prosequendum demonstrates that he was merely "on loan" from tribal authorities and that primary custody did not transfer to federal authorities. Id.; Kelly, 661 F.3d at 682; Lemus-Rodriguez, 495 Fed.Appx. at *726; Causey, 621 F.2d at 693; Butler, 451 Fed.Appx. at 812.

As such, petitioner is not entitled to time served credit for the time he spent in tribal jail as the tribal authorities retained primary custody of petitioner. Further BOP has already credited petitioner for the time he has served from July 2, 2012 until January 4, 2011, the remainder of the time petitioner seeks to have credited. Giddings Decl. ¶ 19. Thus, respondent's Motion for Summary Judgment regarding the calculation of petitioner's sentence must be granted.

B. Nunc Pro Tunc Designation

BOP has the authority, pursuant to 18 U.S.C. § 3621(b), to designate the facility at which a prisoner is to serve a federal sentence, and in this regard it has "wide discretion." Barden v. Keohane, 921 F.2d 476, 476 (3rd Cir. 1990). While it is within BOP's discretion to designate a state facility where an inmate previously served a state sentence as the place of his federal incarceration nunc pro tunc, there is no requirement that it must grant such a request. Id. at 483. Federal habeas review of BOP's decision in such an instance is highly deferential, Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), and once BOP has considered the request, judicial consideration is limited to whether an abuse of discretion occurred. Barden, 921 F.2d at 478. So long as BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation nunc pro tunc after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable. Nale, 2009 WL 1321507 at *5.

Here, pursuant to § 3621(b), BOP could have designated the tribal institution where

9

petitioner served his tribal sentence for violating the Sex Offender Registration and Notification

Program, assault, and battery as the place of his federal incarceration nunc pro tunc, such that

petitioner's federal and tribal sentences would have run concurrently. There is no authority,

however, which compelled it to grant such a request. Instead, under Barden, BOP was obligated

only to consider the request pursuant to the five factors required under § 3621. Specifically, §

3621 directs BOP to consider five factors in making this determination:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Petitioner argues that BOP abused its discretion because it failed to take into account all

factors listen in § 3621, as petitioner argues is required under Trowell v. Beeler, No. 04-6531,

135 Fed. Appx. 590 (4th Cir. 2005). Specifically, petitioner argues that BOP misapplied factor

one and failed to consider the fifth factor when it "failed to consider United States sentencing

guideline 5G1.3(b)(1)." Typed Pet. 2. Respondent concedes that it misapplied factor one but

argues that the error was harmless and that a proper application of factor one would weigh

further against granting nunc pro tunc designation. Resp't's Mot. Summ. J. at 16.

In Trowell v. Beeler, the court held that BOP abused its discretion when it applied only

the fourth factor - any statement by the court that imposed the sentence - to deny the Trowell's

request for nunc pro tunc designation because in solely relying on the sentencing court BOP

10

"abdicated its statutory responsibility to bring its independent judgment to bear on the matter." 135 Fed. Appx. at 594. Here, BOP did not abdicate its statutory responsibility in deciding to deny petitioner's request. Rather, it weighed the relevant factors and sought input from petitioner's sentencing court in making its determination. Giddings decl. ¶¶ 24, 25.

Specifically, BOP took into consideration petitioner's offense of sexual abuse of a minor, failure to register as a sex offender, his disciplinary record while in BOP custody and his extensive criminal history in deciding to deny petitioner's request for nunc pro tunc designation. Id. attch. 23. While BOP did misapply the first factor, this error alone does not show that BOP abused its discretion, especially when viewed in light of the highly deferential review a federal habeas court must give BOP's decision. See Taylor, 284 F.3d at 1149. This conclusion is only further supported by respondent's assertion that factor one would only weigh against granting nunc pro tunc designation because FCI Petersburg has more resources than his tribal institution.[3] Petitioner's argument that BOP failed to consider the fifth factor by not considering the sentencing guidelines is without merit as United States Sentencing Guideline § 5G1.3 is an advisory guideline to be applied by the sentencing judge, not by BOP. Indeed, § 3621 does not permit BOP to consider those sentencing guidelines. 18 U.S.C. § 3621(b)(5). Accordingly, no abuse of BOP's discretion has been shown, and habeas corpus relief from its decision to deny petitioner nunc pro tunc designation is unavailable. Nale, 2009 WL 1321507 at *5.

---

3 While Robin Barnes has retired since his initial analysis of petitioner's nunc pro tunc designation request and is, thus, unavailable to provide a declaration to a proper application of factor one, a remand would be futile because in viewing BOP's decision it is clear that "the agency would reach the same decision" upon a second review. See Grimmett v. Arch of West Virginia/Apogee Coal Co., 7 F. App'x 207. 207-08 (4th Cir. 2001).

## IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment must be granted, and summary final judgment will be entered in his favor. An appropriate Order shall issue.

Entered this _____ day of _____ 2014.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

12